(3) styles of counterfeit GM Hummer remote control cars. The investigator subsequently purchased a counterfeit GM remote control Hummer. The owner was later identified as George J. Lerma.

**_Defendant YMCtoys.com_**

52. On November 20, 2007, Plaintiff's investigator traveled to YMCtoys.com located at 1701 East 7th Street, Los Angeles, California 90021 and surveyed the location for counterfeit GM products. The investigator observed and purchased a Large GM remote control Hummer.

**_Defendant Wellgrow Trading, Inc._**

53. On November 23, 2007, Plaintiff's investigator traveled to Wellgrow Trading, Inc. located at 2468 East 26th Street, Vernon, California and surveyed the location for counterfeit GM products. The investigator observed some counterfeit GM remote control Hummers and subsequently purchased one.

**_Defendant Four Seasons_**

54. On November 23, 2007, Plaintiff's investigator traveled to Four Seasons located at 2801 East Vernon Avenue, Los Angeles, California 90058 and surveyed the location for counterfeit GM products. The investigator observed and purchased various counterfeit GM remote control Hummers and subsequently purchased one. Defendant Four Seasons also operates a warehouse located at 3777 Workman Mill Road, City of Industry, California 90601.

**_Defendant ACME Toys_**

55. On November 26, 2007, Plaintiff's investigator traveled to ACME Toys located at 316 East 4th Street in the city of Los Angeles, California and surveyed the location for counterfeit GM products. The investigator observed and purchased one case of counterfeit GM remote control Hummers.

**_Defendant World Electronic Corp._**

56. On November 26, 2007, Plaintiff's investigator traveled to World Electronic Corp. located at 2610 East 37th Street in the city of Los Angeles,

California and surveyed the location for counterfeit GM products. The investigator observed and purchased six counterfeit GM remote control Hummers.

**_Defendant Kensco_**

57. On November 26, 2007, Plaintiff's investigator traveled to Kensco located at 2602 East 37th Street, Vernon, California 90058 and surveyed the location for counterfeit GM products. The investigator observed one style of counterfeit GM Hummers. The investigator returned the next day and purchased a case containing seven counterfeit GM Hummers.

**_Defendant Santa Toy Corp._**

58. On November 19, 2007, Plaintiff's investigator traveled to Santa Toy Corp. located at 1815 Soto Street, Los Angeles, California 90023 and surveyed the location for counterfeit GM products. The investigator observed various styles of counterfeit GM Hummers, but could not purchase any at the time because the sales person requested a copy of his driver's license, and since the investigator was using a pretext name, he could not produce his driver's license. When another one of Plaintiff's investigators returned the next day to make a buy, the salesperson claimed that they had sold out.

59. After performing a thorough inspection of Defendants' counterfeit GM Hummer toy car products obtained during the investigation, GM's investigator determined that Defendants were selling, offering for sale, distributing, and/or advertising the same or substantially similar counterfeit GM Hummer toy car products.

60. Plaintiff's investigator forwarded the toy car products purchased from Defendants pursuant to GM for review. Upon inspection, GM representatives confirmed that Defendants' toy car products were indeed counterfeit GM Hummer toy car product.

///
///

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

61. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62. Plaintiff's Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from GM.

63. The registrations embodying the GM Hummer Marks are in full force and effect and GM has authorized responsible manufacturers and vendors to sell merchandise with these marks.

64. Defendants' unauthorized use of the GM Hummer Marks on inferior quality merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's respective goods and are of the same quality as that assured by the GM Hummer Marks.

65. Defendants' use of the GM Hummer Marks is without Plaintiff's permission or authority and in reckless disregard of GM's rights to control its trademarks.

66. Defendants' advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the infringing product are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

67. Upon information and belief, Defendants' acts are reckless and intended to confuse the public as to the source of Defendants' goods or services and to injure

///

Plaintiff and reap the benefit of Plaintiff's goodwill associated with the GM Hummer Marks.

68. Defendants' acts violate the Lanham Act for federal trademark infringement, 15 U.S.C. § 1114.

69. As a direct and proximate result of Defendants' reckless, willful and/or unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's GM Hummer Marks.

70. Plaintiff has no adequate remedy at law.

71. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GM Hummer Marks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and treble damages pursuant to 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Dilution)

72. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

73. Plaintiff's GM Hummer Marks are "famous" within the meaning of the Lanham Act.

74. Defendants' acts described above have diluted and continue to dilute Plaintiff's unique and distinctive GM Hummer Marks. These acts violate the Lanham Act for federal trademark dilution, and have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of the GM Hummer Marks.

75. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's GM Hummer Marks became famous.

76. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's GM Hummer Marks. Defendants' conduct is reckless, willful, wanton and/or egregious.

77. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

78. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GM Hummer Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition)

79. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

80. Plaintiff owns and enjoys common law trademark rights in its GM Marks in California and throughout the United States.

81. Defendants' unlawful acts in appropriating rights in Plaintiff's common law GM Hummer Marks were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of GM Hummer Marks. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from property rights that rightfully belong to Plaintiff.

///

82. Plaintiff is informed and believes, and upon that basis alleges, that Defendants, have, without permission, authority or license from either Plaintiff or its licensees, affixed, applied and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations including words or other symbols which tend falsely to describe or represent such goods as Plaintiff's and/or affiliated with Plaintiff, and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff. In particular, the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale, and/or offer for sale by Defendants, of goods incorporating unauthorized depictions, counterfeits or infringements of one or more of Plaintiff's trademarks constitute false descriptions and representations tending falsely to describe or represent goods provided and/or sold by Defendants. Defendants, by misappropriating and using one or more of Plaintiff's trademarks, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

83. Defendants' unauthorized use of Plaintiff's GM Hummer Marks has caused and is likely to cause confusion as to the source of Defendants' merchandise, all to the detriment of Plaintiff.

84. Defendants' acts are reckless, willful, deliberate, and/or intended to confuse the public and to injure Plaintiff.

85. Defendants' acts constitute unfair competition under California common law.

///
///

14.

86. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

87. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter Defendants from similar conduct in the future.

88. Plaintiff has no adequate remedy at law.

89. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's GM Hummer Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business and Professions Code Section 17200)

90. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

91. The actions of Defendants complained of herein constitute a misappropriation of Plaintiff's GM Hummer Marks and the goodwill associated therewith, acts of passing off and an infringement of Plaintiff's common law rights in its GM Hummer Marks, all of which constitute unfair, unlawful and fraudulent business practices in violation of Section 17200, et seq. of the California Business and Professions Code.

///

///

92. Upon information and belief, the acts and conduct of Defendants complained of constitute reckless, willful and/or deliberate unfair competition and will continue in willful and wanton disregard of Plaintiff's valuable trademark rights.

93. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter Defendants from similar such conduct in the future.

94. By reason of the foregoing, Plaintiff is being damaged by Defendants' use of the GM Hummer Marks in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the GM Hummer Marks. The foregoing acts of Defendants will continue unless Defendants are restrained by this Court. Plaintiff is therefore entitled to injunctive relief under the California Business and Professions Code.

95. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

96. Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

**(Violation of California's Anti-Dilution Statute,**

**California Business and Professions Code Section 14330)**

97. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

98. Plaintiff's GM Hummer Marks are distinctive marks in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California and the extensive advertising and widespread publicity of the marks in the State of California.

99. As a result of the GM Hummer Marks' substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive

1 advertising and publicity of the marks in the State of California, the GM Hummer Marks have become strong and are widely renown.

100. The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and dilute the distinctive quality of Plaintiff's GM Hummer Marks which are famous.

101. The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 14330 of the California Business and Professions Code.

102. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter Defendants from similar such conduct in the future.

103. By reason of the foregoing, Plaintiff is being damaged by Defendants' unauthorized and illegal use of the GM Hummer Marks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under Section 14330 of the California Business and Professions Code from using the GM Hummer Marks.

104. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

105. Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from: (1) using the GM Hummer Marks or committing any other act which falsely

represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff; (2) otherwise infringing GM's registered and common law GM family of marks; (3) otherwise diluting Plaintiff's GM family of marks; and (4) unfairly competing with Plaintiff.

B. Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D. Ordering Defendants to disgorge their profits (as to the California unfair competition claim).

E. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. §1117(a);

F. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G. Awarding statutory damages pursuant to 15 U.S.C. § 1117(c);

H. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117;

I. Awarding Plaintiff punitive damages in connection with its claims under California State law; and

///
///
///
///
///

18.

J. Awarding Plaintiff such other and further relief as the Court deems just and proper.

DATED: November 30, 2007                BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*General Motors Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

DATED: November 30, 2007                BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*General Motors Corporation*

19.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
General Motors Corporation

**DEFENDANTS**
A-Mart Toys, Inc.; Character Inn, L.T. Toys, Inc.; Flag & Gift; International Toy & Trading Co., Inc. dba Global Gift Corp; Royal Crown Imports, Inc.; Best Buy Imports; Ben Makabi; (continued)

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Wayne

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Brent H. Blakely   (323) 464-7400
Blakely Law Group
915 North Citrus Avenue
Hollywood, California 90038-2401

Attorneys (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No
☑ **MONEY DEMANDED IN COMPLAINT:** $ 125,000+ per defendant

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114 - Trademark Infringement under Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☑ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

CV07-07893

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): CV 07-2065 CAS (PLAx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
General Motors - Michigan

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
A-Mart Toys, Inc. - Los Angeles; Character Inn - Los Angeles; L.T. Toys, Inc. - Los Angeles; Flag & Gift - Los Angeles; International Toy & Trading Co., Inc. dba Global Gift Corp - Los Angeles; Royal Crown Imports, Inc. - Los Angeles; Best Buy Imports - Los Angeles; Ben Makabi - Los Angeles; ATV A.B.C. Bikes & Toys & Motorcycle - Los Angeles; El Rey Del Descuenta - Los Angeles; George J. Lerma - Los Angeles; YMCToys.com - Los Angeles; Wellgrow Trading, Inc. - Los Angeles; Four Seasons - Los Angeles; Acme Toys - Los Angeles; World Trade Electronic Corp. - Los Angeles; Kensco - Los Angeles; Santa Toy Corp. - Los Angeles

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/_ Date 12/3/07

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)   CIVIL COVER SHEET   Page 2 of 2

Continued from page 1

Defendants:

ATV A.B.C. Bikes & Toys & Motorcyle, El Rey Del Descuenta, George J. Lerma, YMCtoys.com, Wellgrow Trading, Inc., Four Seasons, Acme Toys, World Trade Electronic Corp., Kensco, Santa Toy Corp.